IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02702-WYD-KLM

RODNEY G. COWAN,

    Plaintiff,

v.

ROCKY MOUNTAIN STEEL MILLS,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter came before the Court for a Scheduling Conference pursuant to Fed. R. Civ. P. 16(b) on July 2, 2008. Plaintiff, proceeding *pro se*, filed his Complaint in this matter on December 27, 2007 [Docket No. 3]. By Order dated April 21, 2008, I set a Scheduling Conference for June 11, 2008 [Docket No. 17]. I further ordered the parties to hold a pre-scheduling conference pursuant to Fed. R. Civ. P. 26(f) and to prepare and submit a proposed Scheduling Order on or before June 4, 2008.

    Defendant filed a proposed Scheduling Order on May 22, 2008 [Docket No. 22]. Although signed by defense counsel, the pleading was not signed by Plaintiff. Defendant's Proposed Scheduling Order stated, "Counsel for Defendant has attempted to contact Plaintiff to hold the Rule 26(f) conference, but, to date, Plaintiff has failed to return counsel's telephone calls."

    At the first Scheduling Conference held in this matter on June 12, 2008, Plaintiff admitted that he provided no input into the proposed Scheduling Order eventually tendered

1

to the Court by Defendant.  *Minute Entry* [Docket No. 23; Filed June 12, 2008].  The Court reminded Plaintiff that he was required to comply with all applicable Federal Rules of Civil Procedure and Local Rules of Practice in the United States District Court for the District of Colorado, and that it was his obligation, not Defendant's, under those rules to prepare the Scheduling Order.  *Id.*  As Plaintiff had not provided any input into the Scheduling Order submitted to the Court, the Rule 16(b) Scheduling Conference was vacated and reset for July 2, 2008. The Court ordered that the parties were to confer and submit a joint proposed Scheduling Order on or before June 25, 2008.  *Id.* at 2.  The Court further ordered that Plaintiff was to make his Fed. R. Civ. P. 26(a)(1) disclosures on or before June 25, 2008, and that he must file a written response to Defendant's pending Motion to Dismiss [Docket No. 19; Filed May 1, 2008] on or before July 11, 2008.  The Court warned Plaintiff that if he failed to respond to the Motion to Dismiss, the Court would nevertheless rule on it without hearing Plaintiff's arguments.  *Id.*  In essence, at the first Scheduling Conference, the Court amply warned Plaintiff about his obligations as a federal court litigant and unilaterally extended three important deadlines solely for his benefit.

     As previously ordered, the Court held a second Scheduling Conference in this case on July 2, 2008.  *Minute Entry* [Docket No. 24; Filed July 2, 2008].  The Court waited to call the case to allow time for the appearance of Plaintiff, but Plaintiff failed to appear.  *Id.*  The Court noted that Plaintiff had been in contact with the Court by telephone, and had advised the Court's staff that he would not be appearing at the hearing.  *Id.*  During this telephone conversation, Plaintiff asserted that he was not able to obtain transportation to the hearing, and that he "didn't have time" to speak to defense counsel about preparation of the proposed Scheduling Order during the 21-day period between the first and second

2

scheduling conferences. Plaintiff also failed to submit his required Rule 26(a)(1) disclosures. At the second Scheduling Conference, Defendant made an oral motion to dismiss the case, pursuant to Fed. R. Civ. P. 41(b), which provides that a defendant may move for dismissal of an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court . . . ." *Id.*

Finally, the July 11, 2008 deadline for Plaintiff to respond to Defendant's Motion to Dismiss has now passed without the filing of any response by Plaintiff or any request for additional time to respond.

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit set out the factors to be considered when evaluating grounds for dismissal of an action. These factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubbers Co. v. Bando Chemicals, et al*, 167 F.R.D. 90, 101 (D.Colo. 1996).

### A. Actual Prejudice to Defendant

I find that Plaintiff's inadequate preparation for and participation in the first Scheduling Conference and refusal to participate in the second Scheduling Conference, refusal to provide input into a Scheduling Order and failure to provide Rule 26(a)(1) disclosures resulted in actual prejudice to Defendant. First, this Court's Local Rules require Plaintiff to prepare the Scheduling Order, which he did not do. *See* D.C.Colo.LCivR. 16.1. Second, not only was Defendant's counsel forced to prepare the Scheduling Order without

3

input from Plaintiff, Defendant was prejudiced by Plaintiff's failure to participate in preliminary settlement discussions and failure to disclose witnesses and documents pursuant to Fed. R. Civ. P. 26(a)(1). This factor weighs in favor of dismissal.

**B.     Interference with the Judicial Process**

Plaintiff's persistent failure to follow the Court's orders with respect to his obligation to confer with Defendant and to participate in creation of the Scheduling Order, and the Court's continual review of his file and issuance of orders regarding his obligations as a litigant increases the workload of the Court and interferes with the administration of justice. *See, e.g., West v. Denver County Jail Warden*, 2008 WL 732600, *4 (D.Colo. 2008). This factor also weighs in favor of dismissal.

**C.     Culpability of the Litigant**

I find that Plaintiff has failed to comply with the Local Rules of Practice for the United States District Court for the District of Colorado as well as the Federal Rules of Civil Procedure. Pursuant to D.C.Colo.LCivR. 16.1, "<u>Plaintiff</u> shall prepare the proposed scheduling order, unless counsel or the *pro se* parties have agreed otherwise." (emphasis added). In my Order setting the Scheduling Conference, I directed the parties to confer to prepare a proposed Scheduling Order [Docket No. 17; filed April 21, 2008]. Moreover, during the first Scheduling Conference held on June 12, 2008, I explicitly directed Plaintiff to confer with Defendant and to participate in creation of a Scheduling Order [Docket No. 12]. Plaintiff has utterly failed to meet this obligation. Second, pursuant to D.C.Colo.LCivR 26.1(A), Plaintiff is required to satisfy Fed. R. Civ. P. 26(f), which mandates that he is "jointly responsible for arranging [a pre-scheduling conference], for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days

4

after the conference a written report outlining the plan." Plaintiff has also failed to meet this obligation.  Finally, Plaintiff failed to comply with Fed. R. Civ. P. 26(a)(1) by failing to complete and serve his mandatory disclosures by June 25, 2008.  Plaintiff has been given several chances by this Court and has failed completely in his obligations as a litigant.  As such, there is no other conclusion but that Plaintiff is fully culpable for his failure to follow court orders and his failure to participate in creation of a proposed Scheduling Order. Plaintiff could and should have complied with the unambiguous and lawful orders of this Court.  *See West*, 2008 WL 732600 at *4.  This factor weighs heavily in favor of dismissal.

        **D.**       **Advance Warning**

The Court's staff has received at least two telephone calls from Plaintiff, during which he informed the Court's staff that he did not intend to prepare a proposed Scheduling Order nor attend the second Scheduling Conference.  At that time, Plaintiff asked the Court's staff whether the Court was likely to dismiss his case, and Plaintiff was advised that dismissal could be a sanction the Court would choose to impose.  Although the Court did not warn Plaintiff of the possibility of dismissal for failure to prosecute in open court, I find that he had adequate warning that his refusal to follow Court Orders would result in sanctions.  He also had an explicit warning that I would rule on Defendant's Motion to Dismiss even if he ignored it.  While not as strong as the other factors, this factor still weighs in favor of dismissal.

        **E.**       **Efficacy of Lesser Sanctions**

The totality of circumstances present in this case indicate that a lesser sanction than dismissal without prejudice will not be efficacious.  The Court has extended Plaintiff every

courtesy and repeatedly directed Plaintiff to confer with Defendants. Plaintiff has refused to follow Court Orders. Dismissal of Plaintiff's case without prejudice should act as a reminder in the future to Plaintiff of his obligations under the Local and Federal Rules. I find that this factor weighs heavily in favor of dismissal.

Therefore, after consideration of the *Ehrenhaus* factors, I conclude that on balance they weigh heavily in favor of dismissal without prejudice as a sanction for Plaintiff's continuing and unexplained non-compliance with the Court's straightforward orders concerning his duties as a litigant.

Accordingly, I respectfully **RECOMMEND** that this Case be **DISMISSED** without prejudice for failure to follow Court rules and Court orders and for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b) and D.C.Colo.LCivR. 41.1.

I further **RECOMMEND** that Defendant's Motion to Dismiss [Docket No. 19; Filed May 1, 2008] be **DENIED AS MOOT**.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th

Cir. 1996).

                                                  BY THE COURT:
                                                  __s/ Kristen L. Mix_____
                                                  United States Magistrate Judge

Dated:       July 18, 2008